## IN THE MATTER OF THE GUARDIANSHIP OF MRS. MELE K. KAWAI.

### No. 2195.

ARGUED NOVEMBER 4, 1935.　　　　DECIDED DECEMBER 6, 1935.

COKE, C. J., PETERS, J., AND CIRCUIT JUDGE BROOKS IN PLACE OF BANKS, J., UNABLE TO ATTEND ON ACCOUNT OF ILLNESS.

Appellant appeals from a decree of the circuit judge at chambers appointing a guardian of her person and of her estate. The judge found that she was a "non-compos" as defined by R. L. H. 1925, § 3071 (carried into the revision of 1935 as § 4858), and unable by reason of her mental and physical disabilities to care for herself and for her property. The sole question presented for review is the sufficiency of the evidence to sustain the findings.

R. L. H. 1935, § 4858, is as follows: "The words 'insane person' are intended to include every idiot, non-compos, lunatic and distracted person, and the word 'spendthrift' is intended to include every one who is liable to be put under guardianship on account of excessive drinking, gaming, idleness or debauchery. These words shall be so construed in all the provisions relating to guardians and wards, contained in this or any other statute."

It is obvious from a reading of the statute that contrary to the statement contained in the decree it does not define the term "non-compos" and the generic significance of that term is left unimpaired further than it may be qualified by its association with other named types of persons of unsound mind which the statute declares the words "insane person" are intended to include and is to be so construed in all provisions of statutory law relating to guardianship and wards.

Etymologically a "non-compos" person is the logical antithesis of a "compos" person or person of sound mind. In a legal and general sense used in connection with the statutory grant of jurisdiction to appoint guardians of the person and estate of insane persons the term *non-compos* may be considered as a person of such unsoundness of

mind as to be incapacitated thereby from taking care of his property. *In the Matter of Barker*, 2 Johns. Ch. (N. Y.) 232. R. L. H. 1935, § 4859, however, expressly requires that before a guardian be appointed for an insane person it affirmatively appear that the person in question is incapable of taking care of himself. So that it may be said that the term *non-compos* as employed in section 4858 is a person of such unsoundness of mind as to be incapable of taking care of himself and his property. Whether the words "incapable of taking care of himself" contained in section 4859 refer to material as well as physical care, we deem unnecessary to decide where as here the inquiry is confined to the single question of whether the person in question is a *non-compos*.

In the instant case it does not appear that the appellant is a *non-compos* as that term is employed in R. L. H. 1935, § 4858. Were the case one where the findings were upon conflicting evidence we might hesitate to disagree with the findings of the trial judge. But there is an entire lack of evidence supporting or tending to support the findings. The only evidence in support of the petition is that of the petitioner herself. Due to some difficulty between them the petitioner had no direct contact with the respondent in the period immediately preceding the filing of the petition and during which the insanity of the latter is supposed to have developed and her conclusions are based entirely upon her quarrel with the respondent and the gossip of others. Although the respondent lives in a sparsely settled district there were undoubtedly neighbors or friends with whom she came more or less frequently in contact who were in a position to give firsthand information touching the mental condition of the respondent. Moreover the respondent, due to some insidious disease from which she was suffering, the exact character of which does not appear, consulted physicians from time to time

who, though general practitioners, could have given valuable information as to her mental condition. No one, however, was called except the petitioner. And this despite the intimation of petitioner's counsel upon the hearing that there were other available witnesses.

We do not believe that it would serve any useful purpose to justify our conclusion by a recitation of the evidence. There is no doubt that the respondent as a result of her advanced years and the disease from which she is suffering is in a condition physically that it were better she were under the care of others better qualified than she to see to her physical comfort and well-being. But proceedings such as these dictated by motives however laudable may not be made the legal vehicle of accomplishing such purpose.

It has been urged by the appellee that the findings have for their additional support the personal observation of the respondent by the trial judge when the former was present in court as a party and as a witness called to the stand by the judge for observation. The answers given by the respondent to the questions propounded to her by the court and by her counsel appear in cold print to be responsive to the questions propounded and to be rational. The judge made no record of the result of his observation further than his conclusions that she was suffering from physical infirmities that incapacitated her from looking after her personal comfort, health and well-being; that she was incapable of properly taking care of her business affairs and that her physical afflictions had impaired her mental faculties to such an extent that she could not act rationally and to her own benefit. In that state of the record we are not in possession of the knowledge the judge acquired by his observation and of course are unable to review it. To consider the action of the judge otherwise

would operate to deprive the appellant of the right of review of findings of fact. *Fiscus* v. *Turner,* 24 N. E. (Ind.) 662.

The decree appealed from is reversed and the cause remanded to the trial judge with instructions to dismiss the petition.

*C. S. Carlsmith* (*Carlsmith & Carlsmith* on the brief) for petitioner.

*P. Silver* (*T. E. M. Osorio* with him on the briefs) for respondent.