# IN THE MATTER OF THE GUARDIANSHIP OF ALEXANDER PRATT, AN INCOMPETENT PERSON.

## No. 2397.

SUBMITTED MARCH 1, 1939.                    DECIDED MARCH 7, 1939.

COKE, C. J., KEMP, J., AND CIRCUIT JUDGE LE BARON
IN PLACE OF PETERS, J., ABSENT.

OPINION OF THE COURT BY KEMP, J.

Alexander Pratt has appealed from an order overruling his demurrer to the petition of his daughter for the appointment of a guardian of his property and estate. The demurrer is very general, the sole ground being that "the Petitioner has not in and by her said Petition made or stated

such a case as gives this Honorable Court jurisdiction to appoint a guardian of the estate of said Alexander Pratt as prayed for in said Petition."

From the record it cannot be ascertained what supposed deficiencies in the petition were called to the attention of the circuit judge. Certainly the demurrer itself gives no inkling of the omissions from the petition deemed to be essential to give the court jurisdiction.

From the specifications of error set out in appellant's brief we learn for the first time what he regards as the essential allegations of a petition of this kind to confer jurisdiction on the court. They are: 1. That the alleged incompetent is insane and unable to care for himself; 2. that he is wasting his estate so as to expose himself or those dependent upon him to want or suffering; 3. the names and addresses of all persons who have an interest in either the estate or personal safety or welfare of the alleged incompetent; 4. that the alleged incompetent is engaged in business and the character and extent of the property owned or possessed by him; 5. that the person whom the petitioner nominates for appointment as guardian is willing to act, and finally, that the prayer must be for the appointment of a guardian for both the person and estate of the alleged incompetent.

The argument of the appellant is, in effect, that a petition which omits any of the above particulars fails to state a case showing jurisdiction in the court to appoint a guardian.

Section 4850, R. L. 1935, confers jurisdiction on circuit judges to appoint guardians for the person and estate "or either of them" of minors "and others according to law." Among others for whom circuit judges may appoint guardians are insane persons (R. L. 1935, § 4859), and by section 4858 the words "insane person" are declared to include every "idiot, non-compos, lunatic and distracted person." Petitioner has alleged that Alexander Pratt, the appellant,

by reason of advanced age and physical and mental infirmities, has become incompetent to understand business affairs or to care for his property and is now *non compos*; that he is the owner of considerable property in Honolulu and elsewhere in the Territory of Hawaii and that it is necessary that a suitable guardian be appointed to care for the same. It is further alleged that Hawaiian Trust Company, Limited, has acted as business agent for Mr. Pratt, is familiar with his property and business affairs and is a suitable and proper person to be appointed as such guardian. The prayer is for such appointment.

It could not be successfully maintained that a petitioner in such a case as this need not allege that the person for whom a guardian is sought is insane. However, that term has a special meaning given it by our statute and includes persons who are *"non compos."* The term *"non compos"* includes those persons whose minds are so worn out by old age as to render them unable to care for their property. (*Matter of Barker*, 2 Johns. Ch. [N. Y.] 232.) The petition before us not only alleges that Mr. Pratt is *"non compos"* but attributes his condition to advanced age and physical and mental infirmities. The petition is not, therefore, subject to the criticism that it fails to allege that Mr. Pratt is insane within the meaning of our statute.

The petitioner has alleged that Mr. Pratt has, by reason of the infirmities mentioned, become incompetent to understand business affairs or to care for his property, and that it is necessary that a suitable guardian be appointed to care for the same. These are ultimate facts, the truth of which is for the purpose of the demurrer admitted. They are sufficient to let in proof that the supposed incompetent is wasting his estate and, if ultimately sustained by the proof, would require the appointment of a guardian unless it is necessary to also allege and prove that the incompetent is incapable of caring for his person as well as his property.

This question will be considered later. It is not necessary in order to authorize the appointment that the incompetent be actively engaged in business if he owns or possesses property which requires care. Every guardian so appointed is given the "management" of his ward's estate. (R. L. 1935, § 4860.) Management is given to the guardian to enable him to conserve and care for the estate.

Section 4859 prescribes the procedure to be followed in cases of this character. The procedure so provided is exclusive. (*Re Pires, An Insane Person,* 28 Haw. 469.) Said section requires notice to be given to the supposed insane person of the time and place appointed for hearing the case. Said statute requires no notice to other persons. Others not being entitled to notice, we can conceive of no reason why they should be named in the petition. We therefore hold that the failure to name such persons does not constitute a defect in the petition. Holdings in other jurisdictions are not, in view of our statute, applicable here.

We now come to the question of whether or not a circuit judge has authority to appoint a guardian of the estate of an insane person without at the same time appointing a guardian of his person.

Appellant admits that section 4850, which authorizes circuit judges to appoint guardians for the persons and estates "or either of them" of minors "and others according to law," is in *pari materia* with the other sections of the Revised Laws on this subject but he invokes the provisions of section 12, which provides that "laws in pari materia, or upon the same subject matter, must be construed with reference to each other; what is clear in one statute may be called in aid to explain what is doubtful in another." The next step in his argument is that if there is any doubt as to the meaning of the words "or either of them" appearing in section 4850, section 4859 makes it clear that the judge shall appoint *one* person only as guardian of the person and estate

of incompetents. An attempt is made to confine the words "and others according to law" to spendthrifts referred to and defined in section 4862. As we understand his argument he admits that the circuit judge may appoint a guardian of the estate of a spendthrift without the necessity of appointing a guardian of his person. He also apparently admits that this authority flows from the provisions of section 4850. It will, therefore, be instructive to examine the statutory provisions applicable to the appointment of guardians of spendthrifts and compare them with the provisions applicable to the appointment of guardians for insane persons.

Sections 4859 and 4860, relating to insane persons, follow: Section 4859: "When the relations or friends of any insane person shall apply to any of the judges hereinbefore mentioned, to have a guardian appointed for him, the judge shall cause notice to be given to the supposed insane person, of the time and place appointed for hearing the case, not less than fourteen days before the time so appointed, and if after a full hearing it shall appear to the judge that the person in question is incapable of taking care of himself, the judge shall appoint a guardian of his person and estate, with the powers and duties hereinafter specified." Section 4860: "Every guardian so appointed for an insane person shall have the care and custody of the person of the ward, and management of all his estate, until the guardian shall be legally discharged. He shall give a bond to the judge appointing him, in like manner, and with the like condition, as is before prescribed with respect to the guardian of a minor, excepting that the provision relating to the education of the ward shall be omitted in the condition of the bond."

Sections 4862, 4863 and 4865, relating to spendthrifts, follow: Section 4862: "When any person by excessive drinking, gaming, idleness, or debauchery of any kind, shall so spend, waste, or lessen his estate, as to expose himself or

his family to want or suffering, his friends or relations may present a complaint to any of the judges hereinbefore mentioned, setting forth the facts and circumstances of the case, and praying to have a guardian appointed for him." Section 4863: "The judge shall cause notice to be given to such supposed spendthrift, of the time and place appointed for hearing the case, not less than fourteen days before the time so appointed. If after a full hearing it shall appear to the judge that the person complained of comes within the description contained in section 4862, he shall appoint a guardian of his person and estate, with the powers and duties hereinafter specified." Section 4865: "Every guardian, so appointed for a spendthrift, shall have the care and custody of the person of the ward, and the management of all his estate, until the guardian shall be legally discharged. He shall give bond to the judge appointing him, in like manner and with the like condition, as is before directed with respect to the guardian of an insane person."

A mere reading of the statutory provisions quoted demonstrates that proceedings are in either case initiated by the friends or relations of the supposed insane person or spendthrift, as the case may be, and the action which the circuit judge shall take when the proof satisfies him that a case has been made out is the same whether the person complained of be an insane person or merely a spendthrift. The powers and duties of the guardian are the same in either case. But for the provision of section 4850 it could hardly be questioned that a guardian of both the person and estate would have to be appointed in either case. In the case of a spendthrift this action is to follow a finding that the person complained of "comes within the description contained in section 4862," that being the section which defines a spendthrift, whereas in the case of an insane person the action is to follow a finding that "the person in question is incapable of taking care of himself."

In *Guardianship of Kawai,* 33 Haw. 643, a case in which the sole question was whether or not the person complained of was a *non compos* as that term is employed in section 4858, the question, of whether or not the words "incapable of taking care of himself" refer to material as well as physical care, was posed but not answered for the reason that it was unnecessary to a decision of the single question involved in that case. The court did, however, definitely hold that a *non compos* "may be considered as a person of such unsoundness of mind as to be incapacitated thereby from taking care of his property," citing *Matter of Barker, supra,* in which is found a very instructive discussion of the development of the law on the subject.

Counsel has only inferentially asserted that there is any doubt as to the meaning of the words "or either of them" appearing in section 4850. We do not find them to be of doubtful meaning. Their plain import in connection with the context is that circuit judges may appoint guardians of either the person or estate or of both the person and estate of minors, insane persons and spendthrifts, they being the classes of persons subjected by the statute to guardianship. Counsel would, by his argument, have us conclude that said words require us to change "and" to "or" in section 4863 but refuse to so change the same word appearing in the same connection in section 4859. We are however of the opinion that in order to give proper effect to section 4850 we must hold that the word "and" in the phrase "the judge shall appoint a guardian of his person and estate" appearing in section 4859 must in a proper case be read "or." This conclusion is supported by section 16. A proper case is where the party complained of is not in need of a guardian of both his person and estate but is in need of the one or the other.

We conclude that section 4850, in *pari materia* with section 4859, authorizes a circuit judge to appoint a guardian

of the estate of a *non compos* without appointing a guardian of his person when it is made to appear that he is incapable of taking care of his property even though it is not made to appear that he is in need of one to care for his person.

The one remaining contention of the appellant is that the petition is defective for want of a showing that Hawaiian Trust Company, Limited, who has been nominated by petitioner for appointment as guardian, is willing to accept such appointment.

The argument is that where the petitioner prays for the appointment of one other than himself as guardian the willingness of the nominee to accept the appointment must be shown. A Connecticut case decided in 1808 is cited, holding that an application for the appointment of a guardian *ad litem* of a minor defendant must be in writing, naming the person proposed and stating his consent to be appointed. (*Rhinelander* v. *Sanford,* 3 Day's [Conn.] 279.) There is no discussion of the question in the cited case. Whatever the rule may have been in Connecticut, in this jurisdiction it is quite common for applications for the appointment of guardians to contain a prayer for the appointment of some suitable person without nominating anyone. Even where petitioner nominates one for appointment the court is not bound to accept the nominee. It is in fact the common practice for the court to inquire into the suitability of the nominee and if not found suitable refuse to appoint him and appoint a suitable one. The statute does not prescribe what the petitioner shall allege nor does it require the petitioner to nominate anyone for appointment. The petition would have, therefore, been sufficient in this respect if the prayer had been for the appointment of some suitable person as such guardian.

We might well have refused to consider some of the points argued by the appellant as not being raised by the

demurrer. However, the appellee failed to file a brief within the time allowed by the rules of this court and the appellant thereupon waived oral argument and submitted the case upon his opening brief. The question of the scope of the demurrer has therefore not been argued and we have, in view of that fact, elected to consider all of the points presented in appellant's brief.

Finding no merit in the contentions of the appellant, the order appealed from is affirmed.